CONTINENTAL INVESTMENTS, A Partnership Composed of H. H. Hull, J. K. Dobbs, Mrs. H. H. Hull, Mrs. J. K. Dobbs, Emily Hull Keesee, Helen Hull Freeburg and John Hull Dobbs, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 2261.

United States District Court
W. D. Tennessee, W. D.

Oct. 30, 1953.

Office of Shelby County, Tennessee, was invalid as against the rights of these plaintiffs as mortgagees, inasmuch as they had no actual or constructive notice of defendant's tax lien.

The defendant, for answer to the complaint, denies that it wrongfully converted said automobile when it seized and sold same under its tax lien; it contends that the plaintiffs had constructive notice of its lien on said automobile because said lien notice was duly recorded in the Register's Office of Shelby County, Tennessee, prior to the time the plaintiffs took the mortgage on taxpayer's automobile. It further contends that though through inadvertence, or mistake, it inserted in its lien notice as the middle initial of taxpayer's name, the letter "B" instead of the letter "R", which was the correct initial, such mistake was immaterial and was sufficient to give constructive notice to plaintiffs of defendant's prior existing lien on the properties of W. R. Clark, Sr.

The Court, upon the pleadings, stipulation of facts, briefs and arguments of counsel, makes the following:

### Findings of Fact.

#### I.

Previous to May 22, 1950, W. R. Clark, Sr., was indebted to the defendant, United States of America, for taxes in the sum of $606.80, and on May 22, 1950, the Collector of Internal Revenue for the District of Tennessee, caused to be recorded in the Register's Office of Shelby County, Tennessee, a Federal tax lien in the name of W. B. Clark, Sr., 2654 Burns Street, Memphis, Tennessee. This lien was recorded in a book kept and provided for that purpose by the Register of Deeds pursuant to a statute of the State of Tennessee. Thereafter, on September 8, 1951, plaintiff, Continental Investments, made a loan to W. R. Clark, Sr., 2654 Burns Street, Memphis, Tennessee, and took as security, a 1949 Ford Automobile, forwarding the chattel mortgage to the proper department of the State of Tennessee, in Nashville, Tennessee, so that a record on the title certificate of

Paul W. Denton, Memphis, Tenn., for Continental Inv.

Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for United States.

BOYD, District Judge.

Plaintiffs, in this action, seek a judgment against the defendant, United States of America, in the sum of $405.08, alleging that said defendant wrongfully converted an automobile owned by one "W. R. Clark, Sr.", upon which the plaintiffs had a valid mortgage. The plaintiffs allege that the prior income tax lien, asserted by the defendant, ran against the property of one "W. B. Clark, Sr.", instead of "W. R. Clark, Sr.", the true owner of the automobile. They contend, therefore, that said prior tax lien, although duly recorded in the Register's

W. R. Clark, Sr., could be made, as provided by State Statute. Continental Investments did not record its mortgage in Shelby County, Tennessee, nor did it search the tax lien records of the Shelby County Register's Office for any outstanding liens against W. R. Clark, Sr. Plaintiffs, at no time, had actual knowledge of a pre-existing lien on the properties of W. R. Clark, Sr.

About June 30, 1952, the United States of America, acting through an agent of its Collector of Internal Revenue in Memphis, seized the Ford Automobile above referred to, and after the required notice, proceeded to sell the same under its registered tax lien stated above, and, upon the sale, the automobile was bid in by some third person for $510.

At the time of the seizure and sale aforesaid the balance due plaintiffs by W. R. Clark, Sr., on the indebtedness secured by a mortgage on the automobile herein, was $405.08.

The controversy between the parties from the above facts revolves around the issue of whether or not the use of the middle initial "B" in the recorded tax lien instead of the correct initial "R" operated as notice or constructive notice to the plaintiffs, Continental Investments.

### Conclusions of Law.

#### I.

The Court has jurisdiction of the subject matter and the parties to this law suit.

#### II.

A tax lien, under the law, is not valid as against a mortgagee, if, at the time of the mortgage, such mortgagee is without notice, either actual or constructive, of the existence of such lien.

#### III.

Registration of a tax lien is constructive notice only of what appears on the face of the official records. The object of registration is to give constructive notice to mortgagees, pledgees, purchasers or judgment creditors. The official registration records are presumed to speak the truth. They are what they purport to be upon their face and a mortgagee is not charged with notice of anything beyond.

#### IV.

Where the initials only of the party against whom a tax lien is filed are used, they take the place of the Christian name, and, in such case, it is necessary that the correct initials be inserted in the official lien records, in order to impute constructive notice of a claimed lien to a subsequent mortgagee.

#### V.

The tax lien herein mentioned in the name of "W. B. Clark, Sr.", was not constructive notice to the plaintiffs in this case that the defendant, United States of America, held a prior tax lien on the properties of "W. R. Clark, Sr.", and, in particular, the Ford Automobile in question.

#### VI.

The plaintiffs are entitled to recover of the defendant judgment in the sum of $405.08.

Lally v. Holland, 31 Tenn. 396; First National Bank of Opp v. Hacoda Mercantile Co., 169 Ala. 476, 53 So. 802, 32 L.R.A.,N.S., 243; Garner v. Cluck, 209 Ark. 912, 193 S.W.2d 661.

### Order for Judgment.

Judgment in accordance with the foregoing Findings of Fact and Conclusions of Law will be entered within three days.