UNITED STATES of America,
Plaintiff,

v.

Assunta SIRICO, Joseph Coniglio, Gloria Coniglio, and the Brooklyn Federal Savings & Loan Association, Defendants.

Civ. No. 2643.

United States District Court
S. D. New York.

Dec. 7, 1965.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for United States of America; Edward L. Smith, Asst. U. S. Atty., of counsel.

Morris Permut, New York City, for defendant Brooklyn Federal Savings & Loan Association; Kalman V. Gallop, New York City, of counsel.

WEINFELD, District Judge.

The government moves for summary judgment in this action to foreclose a tax lien on the real property at 1005 Swinton Avenue, Bronx County, New York. The motion is opposed by defendant Brooklyn Federal Savings & Loan Association, the first mortgagee of the premises.

The owner of the property was Assunta Sirico. She and her husband, George, were the taxpayers. A notice of tax lien was filed in March 1959 in the office of the Register, Bronx County. The first mortgage, which was executed by the taxpayers' grantees, also defendants herein, was recorded in December 1962. Notwithstanding that the federal tax lien was filed more than three years before the mortgage was recorded, the mortgagee contends its lien is superior. The basis of its contention is an alleged misdescription in the notice of the federal tax lien filed by the District Director of

Internal Revenue and in its recordation by the Register of New York City, in that one of the taxpayers, Assunta Sirico, was referred to only by the initial of her first name, that is, as "A. Sirico," rather than by her full name. The notice of lien described the taxpayers, husband and wife, as "George and A. Sirico." The recordation on the official docket of the Register's office is as follows:[1]

| Reg's No. | Date | AM | PM | Name of Taxpayer | Residence |
|-----------|------|-----|------|------------------|-----------|
| 342 | Mar. 24 | | 1:56 | SIRICO, GEORGE | 1005 Swinton Avenue |
| | | | | " A. | Bronx, N. Y. |

Apparently, when a title search was made prior to the placement of the first mortgage, the tax lien was overlooked. There is no dispute that the notice of lien was filed in the proper index and that the correct address of the taxpayers, which corresponds to the premises in question, was set forth. Thus the issue is whether an otherwise valid and properly recorded notice of the federal tax lien is subordinated as against a subsequent mortgagee solely by reason of the fact that the taxpayer's initial instead of her full first name is set forth.

 The mere fact that a full name is not given or that there is an addition, omission or substitution of letters in a name, or even errors, does not, in and of itself, invalidate the notice.[2] The essential purpose of the filing of the lien is to give constructive notice of its existence.[3] The test is not absolute perfection in compliance with the statutory requirement for filing the tax lien,[4] but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim.[5]

 Upon the facts here presented, it is difficult to understand how one searching the records of the Register's office could have missed the notice of tax lien. Not only was the correct surname of the taxpayer listed, but her residence address corresponded with the premises, which was the subject of the title search. The filing of the lien under the circumstances here presented was adequate to give constructive notice to interested persons.

The motion is granted.

1. The Lien Law of New York State provides that when a notice of a federal tax lien is filed with the recording officer, "the entry shall show the name and residence of the taxpayer named in the notice, * * * the date of filing and the total amount of tax, interest and penalty." N.Y. Lien Law § 241.

2. Richter's Loan Co. v. United States, 235 F.2d 753, 755 (5th Cir. 1956); Hannus v. United States, 60–2 U.S. Tax Cas. ¶9574 (W.D.Wash.1958). But cf. Continental Investments v. United States, 142 F.Supp. 542 (W.D.Tenn.1953).

3. Goldstein v. Bankers Commercial Corp., 152 F.Supp. 856, 861 (S.D.N.Y.1957), aff'd on opinion below, 257 F.2d 48 (2d Cir. 1958).

4. 26 U.S.C. § 6323.

5. Goldstein v. Bankers Commercial Corp., 152 F.Supp. 856, 861 (S.D.N.Y.1957), aff'd on opinion below, 257 F.2d 48 (2d Cir. 1958). The sufficiency of the notice is a question of federal law, " 'notwithstanding any law of the State or Territory regarding the form or content of a notice * * *.' " United States v. Union Cent. Life Ins. Co., 368 U.S. 291, 296, 82 S.Ct. 349, 352, 7 L.Ed.2d 294 (1961). Accord, 26 U.S.C. § 6323(b); United States v. Rasmuson, 253 F.2d 944, 946–947 (8th Cir. 1958); F. P. Baugh, Inc. v. Little Lake Lumber Co., 185 F. Supp. 628, 630 (N.D.Cal.1960), aff'd in part and rev'd in part on other grounds, 297 F.2d 692 (9th Cir. 1961), cert. denied, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 404 (1962).