Roy VanDOLEN, et al.

v.

**DEPARTMENT OF the TREASURY INTERNAL REVENUE SERVICE, et al.**

No. 3–95–0614.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 15, 1996.

Daniel Loren Wischhof, Goodlettsville, TN, for Plaintiffs.

Carol P. Lenhart, Department of Justice, Washington, DC, for Department of the Treasury, Internal Revenue Service.

John M. Rankin, Jr., Anderson & Rankin, Brentwood, TN, for Genevieve Graff.

## *MEMORANDUM*

HIGGINS, District Judge.

The Court has before it the motions for summary judgment of defendants Internal Revenue Service[1] (filed November 21, 1995; Docket Entry No. 13) and Genevieve Graff (filed December 6, 1995; Docket Entry No. 24); and the plaintiffs' responses (filed December 5 and 12, 1995; Docket Entry Nos. 17 and 26).[2] In addition, the Court also has before it the plaintiffs' motion (filed December 5, 1995; Docket Entry No. 17) for summary judgment; and the responses of defendants Internal Revenue Service (filed December 19, 1995; Docket Entry No. 27) and Genevieve Graff (filed December 22, 1995; Docket Entry No. 28).

Despite the plaintiffs' error in alleging jurisdiction, the Court has proper subject matter jurisdiction over the plaintiffs' claims under 26 U.S.C. § 7426 and 28 U.S.C. §§ 1331.

For the reasons discussed below, the plaintiffs' and defendant Graff's motion for summary judgment shall be denied and defendant IRS' motion for summary judgment shall be denied in part and granted in part.

## I.

The plaintiffs, Roy and Thelma Jean Van-Dolen originally filed this action on June 22, 1995, to quiet title to property they own at 907 Lemont Drive, Nashville, Tennessee. They are seeking to enjoin the defendant IRS from selling the property and to have the liens encumbering the property declared invalid, or in the alternative, to be granted a judgment against the Graffs for the amount of the liens. Specifically, the plaintiffs assert that the liens are not valid as to their interest in the property because the IRS did not give sufficient notice, as required by the Internal Revenue Code.

This action arises out of the purchase of property by the plaintiffs in August, 1994, and tax liens levied upon a prior owner of the property, defendant Genevieve Graff.

Genevieve Adkisson and her then-husband, Danny W. Adkisson, purchased the property at 907 Lemont Drive in Nashville, Tennessee, in 1971. Subsequently, Genevieve and Danny Adkisson were divorced and, pursuant to the divorce decree, the title was vested in Genevieve Adkisson. Genevieve Adkisson remarried and acquired the surname of her new husband, David Graff.

In 1989, 1990 and 1991, the IRS filed tax liens against Genevieve Graff.[3] The IRS asserts that it received notice of foreclosure on the property on March 29, 1991, in the name of Genevieve Graff. The foreclosing party, First Fidelity Federal Savings and Loan, was the first mortgage holder on the property. That foreclosure sale was ultimately cancelled.

---

1. All documents representing the position of the IRS have been filed on behalf of both the IRS and the Department of Treasury. For the purposes of this memorandum, the defendant IRS represents the interests of both parties.

2. The Court is also in receipt of replies of defendants Internal Revenue Service (filed December 19, 1995; Docket Entry No. 27) and Genevieve Graff (filed December 22, 1995; Docket Entry No. 28). The attention of the defendants is directed to the order entered August 16, 1995 (Docket Entry No. 5) at footnote five on page two stating "No reply shall be filed to any response unless invited by the Court."

3. *See* Appendix II for the particulars of the tax lien notices.

Genevieve Graff filed Chapter 13 Bankruptcy on September 27, 1991. First Fidelity Federal Savings and Loan filed a proof of claim in the bankruptcy proceedings on October 30, 1991. On May 13, 1994, the first mortgage holder [4] foreclosed on the property and it was subsequently sold to Monica Miller for $9,100.00.

On August 18, 1994, the plaintiffs, Roy and Thelma Jean VanDolen, purchased the Lemont Drive property from Monica Miller for $72,000. The IRS issued a notice of seizure of the property to Mr. and Mrs. VanDolen on June 22, 1995. The VanDolens subsequently filed this action, asserting that the property is unencumbered as to their interest.

## II.

■ As provided by Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). In its consideration of the evidence, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1349 (6th Cir.1991).

■ In order to prevail on a summary judgment motion, the moving party bears the burden of proving the absence of a genuine issue of material fact concerning an essential element of the opposing party's action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Davidson & Jones Dev. Co.,* 921 F.2d at 1349; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). A dispute about the material fact must be genuine, that is,

"the evidence is such that a reasonable jury could return a verdict for the non-moving party." [5] *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the plaintiff's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

■ Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co.,* 921 F.2d at 1349. The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

## III.

### A. Notice of the lien

■ Determination of the sufficiency of filing of a federal tax lien is governed by federal law. *See United States v. Polk,* 822 F.2d 871, 873 (9th Cir.1987) (citing *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192 (1960)). Furthermore, section 6323 provides that the Secretary of the Treasury shall prescribe the

---

4. Union Planters National Bank became the first mortgage holder of the property when it acquired First Fidelity Federal Savings and Loan Association.

5. The Supreme Court further explained that a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

"form and content of the notice" of filing. 26 U.S.C. § 6323(f)(3) (1978). With regard to notice, subsection (f)(4) provides that the lien shall be filed and indexed in the local registry of deeds when state law requires, such that "a reasonable inspection of the index will reveal the existence of the deed." 26 U.S.C. § 6323(f)(4) (1978).

 The IRS argues that the Court should refuse to analyze whether the filing and indexing of the liens were sufficient to provide notice upon a reasonable inspection based on the fact that they were filed in defendant Genevieve Graff's correct legal name at the time. Defendant IRS' response (Docket Entry No. 14) at 11. Several courts have held that where the government files a notice of lien under the taxpayer's legal name, the filing constitutes proper constructive notice to subsequent purchasers. *See Kivel v. United States*, 878 F.2d 301 (9th Cir.1989); *Polk*, 822 F.2d at 873; *Pioneer Nat'l Title Ins. Co. v. United States*, 81–2 U.S. Tax Cas. (CCH) ¶ 9482, 1981 WL 1816 (D.N.J. May 18, 1981); *United States v. Valco Enterprises, Inc.*, 92–1 U.S. Tax Cas. (CCH) ¶ 50,297, 1992 WL 122702 (D.Mass. May 19, 1992). These courts based their holdings on the absence of language in section 6323 placing the burden on the government to maintain liens in the continually changing names of individuals. *Pioneer*, 81–2 U.S. Tax Cas. (CCH) ¶ 9482 at 87, 515, 1981 WL 1816 at *3. " 'If Congress had intended to impose upon the Internal Revenue Service the duty to investigate what property is owned by a delinquent taxpayer, record the name under which it was acquired, and file a separate notice of tax lien for each such name, it could have done so.' " *Kivel*, 878 F.2d at 303 (quoting *Polk*, 822 F.2d at 874).

It is notable, however, that the substantive provision governing liens filed by the IRS did not remain the same for each of the aforementioned cases. In 1978, section 6323(f)(4) was amended to include an additional requirement for notice filing by the IRS. Prior to the 1978 amendment, section 6323 "required simply that the fact of a lien's filing be recorded 'in a public index at the district office of the Internal Revenue Service for the district in which the property subject to the lien is situated.' " *Pioneer*, 81–2 U.S. Tax Cas. (CCH) ¶ 9482 at 87,514, 1981 WL 1816 at *3. The statute now requires a filing which would give notice of the lien's existence upon a "reasonable inspection." *Id.* However, at least one court has indicated that the 1978 amendment does not substantially alter the IRS' duty as to filing notices of tax liens.

In *Polk*, *Valco*, and *Pioneer*, the IRS filed its liens *before* the 1978 amendment of section 6323(f)(4). *Polk*, 822 F.2d at 872; *Pioneer*, 81–2 U.S. Tax Cas. (CCH) ¶ 9482 at 87,514, 1981 WL 1816 at *3. In *Kivel*, the IRS filed its liens after 1978. In that case, the Court referred to the decision of the United States Court of Appeals for the Ninth Circuit in *Polk*, noting that proper filing in a correct legal name might preclude further analysis of proper notice. *Kivel*, 878 F.2d at 303. The Court in *Kivel* did not address the change in the statutory language, presumably finding that using the taxpayer's correct legal name at the time the notice of the lien was filed precluded further analysis of even the additional "reasonable inspection" element of post–1978 section 6323.

However, the Court can find no binding authority, under the current version of section 6323(f)(4), stating that filing in the proper location under a taxpayer's correct legal name precludes investigation into the sufficiency of the notice. Indeed, the law in the Sixth Circuit provides little guidance with regard to the notice provision. As such, the court must be guided by the statutory language.

Section 6323(f)(4) provides in pertinent part:

[U]nder the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of filing in such a manner that a reasonable inspection

of the index will reveal the existence of the deed....

26 U.S.C. § 6323(f)(4) (1978).

The statutory language plainly requires that the filing of the deed be such that a "reasonable inspection" will establish that the property is encumbered. The provision does not state, or even imply, that filing under the taxpayer's correct legal name is dispositive of the sufficiency of the notice. The statute establishes the benchmark by which the sufficiency of notice is determined: "filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed." *Id.*

To determine whether the filing of the notice was such that a "reasonable inspection" would have unearthed the lien from the voluminous records of the Register's office, it is necessary to view evidence of the "reasonable inspection" that either occurred or should have occurred. At this time, it appears from the affidavits in the record from Felix Z. Wilson, II, Register of Deeds, and Bill Matthews, a professional title researcher, that the name of Genevieve Graff does not appear in the chain of title of the property in question and lien indexes do not reflect any federal tax liens against Genevieve Adkisson or Genevieve Ott Adkisson. Further, there is nothing of record or indexed to show that Genevieve Graff is one and the same person as Genevieve Adkisson or Genevieve Ott Adkisson.

This would, in all probability, end the matter as to what would be uncovered by a reasonable inspection. However, there is a reference in the letter from Mr. Rosenberg to the IRS (*see* Defendant's response (filed December 22, 1995; Docket Entry No. 28), exhibit 1 at 3) that makes reference to a deed of trust from Genevieve Adkisson Graff and husband, David A. Graff, to John B. Hardcastle, Trustee of record in Book 7348, page 517, Register's Office of Davidson County, Tennessee. This deed has not been provided to the Court.[6] Because of this insufficiency

in the record before the Court, the motions for summary judgment shall be denied.

**B. Injunction**

The defendant IRS asserts in its memorandum in support (Docket Entry No. 14) that the plaintiff is precluded from obtaining injunctive relief in order to keep the IRS from seizing the property in question. The IRS states that the Anti–Injunction Act, 26 U.S.C. § 7421 (1989), proscribes any "suit for the purpose of restraining the assessment or collection of any tax." While the Act provides some statutory exceptions and the Supreme Court has recognized a judicial exception,[7] the IRS asserts that the plaintiffs' situation falls outside the parameters of those exceptions. Defendant IRS' memorandum in support (Docket Entry No. 14) at 4–5.

The plaintiffs do not respond to the IRS' motion for summary judgment on this issue. *See* plaintiffs' response (Docket Entry No. 17). Indeed, the plaintiffs fail to address the issue at all. Thus, the Court presumes that the plaintiffs have no objection to the assertions of the defendant IRS. Accordingly, the IRS' motion for summary judgment as to the injunction issue shall be granted.

**IV.**

In conclusion, the Court finds on the record as it stands at this time, a genuine issue of fact exists as to whether the name Genevieve Graff appears in the chain of title to the property in question, and the motions for summary judgment will be denied. The motion of the IRS shall be granted with regard to the injunction issue as the plaintiffs did not respond to the IRS' motion on that issue. Thus, the plaintiffs are perceived not to object.

Accordingly, the motions of both the plaintiffs and defendant Genevieve Graff will be denied. The motion of the defendant IRS will be denied in part and granted in part.

---

6. *See* Appendix I for the instruments of record in the chain of title that have been provided to the Court.

7. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

*APPENDIX I*

Chain of title to the real property at 907 Lemont Drive, Nashville, Davidson County, Tennessee, as it appears from the papers submitted to the Court:

1. Warranty deed from Carlos E. Herren and wife, Mary E. Herren to Danny W. Adkisson and wife, Genevieve Adkission, dated August 17, 1971, of record in Book 4530, page 675, Register's Office of Davidson County, Tennessee.

2. Deed of trust from Danny W. Adkisson and wife, Genevieve Adkisson to Vaden Lackey, Jr., Trustee, dated August 19, 1971, of record in Book 4530, page 677, Register's Office of Davidson County, Tennessee.

3. Final decree of divorce in *Genevieve Ott Adkisson v. Danny Whitfield Adkisson,* Case No. 66239, Fourth Circuit Court of Davidson County, Tennessee, of record in Book 5220, page 430, Register's Office of Davidson County, Tennessee.

(Vesting title in Genevieve Ott Adkisson.)

(Decree entered September 12, 1973, Minute Book 83A, page 365, Fourth Circuit Court of Davidson County, Tennessee.)

4. Instrument (not included in papers submitted to Court, but referred to in other papers) appointing Arnold M. Weiss, Substitute Trustee, of record in Book 9294, page 479, Register's Office of Davidson County, Tennessee.

5. Substitute Trustee's Deed from Arnold M. Weiss, Substitute Trustee, to Monica Miller, dated May 10, 1994, of record in Book 9344, page 334, Register's Office of Davidson County, Tennessee.

6. Warranty deed from Monica Miller and husband, Barry Wayne Miller, to Roy L. VanDolen and wife, Thelma Jean Van-Dolen, dated August 18, 1994, of record in Book 9443, page 281, Register's Office of Davidson County, Tennessee.

*APPENDIX II*

Notice of Federal Tax Lien Under Internal Revenue Laws as they appear from the papers submitted to the Court:

1. Notice dated October 2, 1989

Taxpayer: Genevieve Graff

DBA Masons Restaurant

Residence: 901 Dickerson Road Goodlettsville, TN

Amount: $3,205.71

Recorded in Book 7956, page 978, Register's Office of Davidson County, Tennessee

2. Notice dated May 18, 1990

Taxpayer: Genevieve Graff

DBA Masons Restaurant

Residence: 901 Dickerson Road Goodlettsville, TN

Amount: $35,557.13

Recorded in Book 8115, page 648, Register's Office of Davidson County, Tennessee

3. Notice dated August 15, 1991

Taxpayer: Genevieve Graff

DBA Masons Restaurant

Residence: 901 Dickerson Road Goodlettsville, TN

Amount: $6,384.13

Recorded in Book 8427, page 545, Register's Office of Davidson County, Tennessee