Catherine F. **QUIST**, Clerk of Knox County General Sessions Court, Plaintiff,

v.

Leon **WIESENER**, United States of America, the Internal Revenue Service, Defendants.

No. 3:03–CV–100.

United States District Court, E.D. Tennessee, at Knoxville.

June 18, 2004.

Martha H. McCampbell, Office of Knox County Law Director, Knoxville, TN, for Plaintiff.

Jennifer L. Best, Washington, DC, Lawrence P. Leibowitz, Pamela P. Gibson, Rebecca G. Bond, Leibowitz & Cohen, Knoxville, TN, for Defendants.

## *MEMORANDUM OPINION*

PHILLIPS, District Judge.

The United States of America has moved for summary judgment [Doc. 12], to which defendant Leon Wiesener (Wiesener) has responded [Doc. 18]. Wiesener has also moved for summary judgment [Doc. 14], which the United States has opposed [Doc. 17]. For the reasons discussed below, the court finds in favor of the United States.

### *FACTS*

On January 31, 2000 and April 17, 2000, the Internal Revenue Service (IRS) made two assessments against "Joint Effort, Inc.," Employer Identification Number 62–0968367, for employment taxes for the quarters ending September 30, 1999 and December 31, 1999. On June 19, 2000, Wiesener filed a Civil Warrant and Oath of Account in the General Sessions Court for Knox County, Tennessee (General Sessions Court) against "Joint Effort Productions, Inc.," for breach of contract to pay for stock purchased. Wiesener and Joint Effort Productions, Inc. appeared before a judge on October 2, 2000, and announced that the parties had reached an agreement. Subsequently, on October 10, 2000, an Agreed Judgment was entered in favor of Wiesener and against Joint Effort Productions, Inc. for $15,000.00 plus ten percent (10%) statutory interest to begin accruing one year after the date of the judgment. The parties agreed that the judgment would not be executed upon until after October 3,

2001. To date, Wiesener has recovered nothing from Joint Effort Productions, Inc. in satisfaction of the Agreed Judgment.

On April 22, 2002, the Internal Revenue Service (IRS) filed a Notice of Federal Tax Lien, No. 62–0968367, in the Knox County Register of Deeds Office against "Joint Effort," for $55,247.04 in unpaid tax assessments by "Joint Effort, a corporation." However, no Notice of Federal Tax Lien was filed against "Joint Effort Productions, Inc." On November 12, 2002, Wiesener filed an Execution and Non–Wage Third Party Garnishment (Garnishment) against Joint Effort Productions, Inc. The personal property of Joint Effort Productions, Inc. was then sold at public auction on November 16, 2002. On that same day, Wiesener served the Garnishment with instructions to seize the proceeds of the auction. Subsequently, the Garnishee, Dyer Realty and Auction Services, placed $10,703.85 in proceeds in the Registry of the General Sessions Court for disbursement pursuant to the Garnishment. At the time the funds were placed in the Registry, Wiesener was the only creditor to execute upon the proceeds of the sale of the personal property. The IRS failed to execute upon either the personal property of Joint Effort Productions, Inc. or the proceeds from the sale prior to the funds being placed in the Registry.

On January 8, 2003, the IRS issued a Notice of Levy to the General Sessions Court, attempting to attach the funds deposited by the Garnishee into the Registry. Catherine F. Quist (Quist), Clerk of the General Sessions Court, Civil Division, refused to disburse the funds to Wiesener. On January 22, 2003, Quist filed a Motion for Instruction in the General Sessions Court as to the appropriate disbursement of the funds. On February 6, 2003, Wiesener filed a Petition for Writ of Mandamus in the Chancery Court for Knox County, Tennessee (Chancery Court) against Quist,[1] request that Quist be commanded to pay him the $10,703.85 held in the Registry. Quist filed a Complaint in Interpleader in this court against Wiesener, the United States of America and the IRS on February 10, 2003. On February 25, 2003, Quist filed a Motion to Stay Proceedings in the Chancery Court pending resolution of the Interpleader action filed in this court.

Rule 56 of the Federal Rules of Civil Procedure provides that the judgment sought "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party properly supports a motion for summary judgment, the burden of proof shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Id.* at 248, 106 S.Ct. 2505.

---

**1.** On April 11, 2003, Wiesener filed a First Amended Petition for Writ of Mandamus, naming the United States of America and IRS as Defendants and requesting the Chancery Court order that the IRS' lien is not effective against the funds held by Quist in the Registry of the General Sessions Court.

The United States contends that the Federal Tax Lien it filed against "Joint Effort, Inc." also covers "Joint Effort Productions, Inc.," and was filed prior to the lien of Wiesener. The Government asserts its notice was filed in a manner such that a reasonable inspection would have revealed the notice of the Federal Tax Lien.

■ Wiesener argues that in order for a Federal Tax Lien to be enforceable, notice must be provided pursuant to Tenn.Code Ann. § 67–1–1403(b), which requires the lien be filed with the Knox County Register of Deeds. Determination of the sufficiency of filing of a Federal Tax Lien is governed by federal law. *See United States v. Polk*, 822 F.2d 871, 873 (9th Cir.1987). The lien must be filed and indexed such that "a reasonable inspection of the index will reveal the existence of the deed." 26 U.S.C. 6323(f)(4). *See Van Dolen v. Dept. of the Treasury*, 929 F.Supp. 1083, 1086 (M.D.Tenn.1996).

■ In *Continental Investments v. United States of America*, 142 F.Supp. 542 (W.D.Tenn.1953), the United States District Court for the Western District of Tennessee found that the purpose of registration of a Federal Tax Lien is to provide constructive notice to all interested parties, including judgment creditors. *Id.* at 544 (W.D.Tenn.1953). Registration of a Federal Tax Lien will only serve as constructive notice of what is "upon [the] face" of the lien. *Id.* The Western District held that the use of the name W.G. Clark, Sr. on a tax lien filing was insufficient to impute constructive notice to the creditors of W.R. Clark, Sr. *Id.* Accordingly, Wiesener argues the use of only "Joint Effort" was wholly inadequate notice to the judgment creditors of "Joint Effort Productions, Inc.," as a lien search of "Joint Effort Productions, Inc.," did not reveal the IRS' Notice of Federal Tax Lien.

The Knox County Recorder of Deeds maintains a computerized indexing system for performing lien searches, which may be performed by inputting a "name or organization" into the system. Different inputs into the system yield different results:

1. When the name "Joint" is searched, the following liens are listed: 1) the Federal Tax Lien filed on April 30, 2002 against Joint Effort; 2) a lien filed by Wenger Corporation on July 2, 2002 against Joint Effort Productions; and 3) a lien filed by Leon Wiesener on November 13, 2002 against Joint Effort Productions.

2. When the name "Joint Effort" is searched, the following liens are listed: 1) the Federal Tax Lien filed on April 30, 2002 against Joint Effort; 2) a lien filed by Wenger Corporation on July 2, 2002 against Joint Effort Productions; and 3) a lien filed by Leon Wiesener on November 13, 2002 against Joint Effort Productions.

3. When the name "Joint Effort Productions" is searched, the following liens are listed: 1) a lien filed by Wenger Corporation on July 2, 2002 against Joint Effort Productions; and 2) a lien filed by Leon Wiesener on November 13, 2002 against Joint Effort Productions.

The *Tennessee Anytime* website provides a tool for searching information about Tennessee corporations. The "Tennessee Secretary of State Business Information Search" reveals three listings for entities with the names "Joint Effort" or "Joint Effort Productions." The three entities listed share the same identification number—0016984, the same date of formation—November 28, 1975, the same place of incorporation—Knox County, the same principal office located at 1805 Maryville Pike, Knoxville, Tennessee 37920, and the same registered agent—Conrad R. Loy, Jr.

To accept Wiesener's argument is to impose on the IRS, if it wants to be sure of

its liens, the burden of checking whether the taxpayer has acquired property under a different name from the name under which the taxpayer has filed a return. In *Kivel v. United States*, 878 F.2d 301, 303 (9th Cir.1989), the Ninth Circuit Court of Appeals ruled that the IRS is not required to record Federal Tax Liens under every known name of the taxpayer. The Middle District of Tennessee has found that the filing of a Federal Tax Lien under the taxpayer's legal name constitutes proper constructive notice. *See Van Dolen v. Dept. of the Treasury*, 929 F.Supp. 1083, 1086 (M.D.Tenn.1996) ("If Congress had intended to impose upon the Internal Revenue Service the duty to investigate what property is owned by a delinquent taxpayer, record the name under which it was acquired, and file a separate notice of tax lien for each such name, it could have done so"). *Id.* at 1086 (citing *Kivel*, 878 F.2d at 303).

■ An otherwise valid and properly recorded notice of Federal Tax Lien is effective even when there are minor errors or omissions in the name identified on the notice. *See United States v. Sirico*, 247 F.Supp. 421, 422 (S.D.N.Y.1965); *see also United States v. Feinstein*, 717 F.Supp. 1552, 1557 (S.D.Fla.1989):

> The mere fact that a full name is not given or that there is an addition, omission or errors, does not, in and of itself, invalidate the notice. [ ] The essential purpose of the filing of the lien is to give constructive notice of its existence. [ ] The test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, [ ] but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim. [ ].

*Sirico*, 247 F.Supp. at 422.

■ In the view of the court, because the notice of Federal Tax Lien appears when the names "Joint" and "Joint Effort" are input into the system, a reasonable inspection of the Knox County indexing system by Wiesener would have revealed the earlier Federal Tax Lien. As noted, "Joint Effort, Inc." and "Joint Effort Productions, Inc." are the same entity. According to the records of the Tennessee Secretary of State, Joint Effort, Inc. and Joint Effort Productions, Inc. have the same identification number—0016984, the same date of formation—November 28, 1975, the same place of incorporation— Knox County, the same principal office located at 1805 Maryville Pike, Knoxville, Tennessee 37920, and the same registered agent—Conrad R. Loy, Jr. The records also indicate that the entity changed names more than once and that it was administratively dissolved on September 20, 2002, which was shortly before the sale of property giving rise to the funds at issue in this case. Accordingly, the Federal Tax Lien was properly filed against Joint Effort, Inc., the taxpayer's legal name, and constituted proper constructive notice that the property of "Joint Effort Productions, Inc." was encumbered.

■ The IRS asserts that the Federal Tax Lien attached to all property and rights to the property of Joint Effort, Inc. *See* 26 U.S.C. § 6321, 6322. The Federal Tax Lien attaches to property whether real or personal and after acquired property. *See* 26 U.S.C. § 6321; *United States v. McDermott*, 507 U.S. 447, 453, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). Assuming that the order of sale destroyed the liens on the specific property sold at the auction of November 2002, then the lien was transferred to the proceeds realized from the sale. *See Phelps v. United States*, 421 U.S. 330, 334, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975); *Beaty v. United States*, 937

F.2d 288, 292 (6th Cir.1991) (stating that "when a tax lien is displaced by a transfer, a lien on the proceeds of the transfer does result"); *In re Nevada Environmental Landfill,* 81 B.R. 55, 56 (Bankr.D.Nev. 1987). "The lien reattaches to the thing and to whatever is substituted for it ..." The owner and the lien holder, whose claims have been wrongfully displaced, may follow the proceeds wherever they can distinctly trace them. *Phelps,* 421 U.S. at 334–35, 95 S.Ct. 1728.

The court finds that when the property of Joint Effort was sold at auction, the Government's lien attached to the proceeds realized from the sale of the property. If the sale did not divest the liens, then the Federal Tax Lien attached to the sale proceeds immediately upon their creation, as after-acquired property of the taxpayer. *See McDermott,* 507 U.S. at 453, 113 S.Ct. 1526. Accordingly, the Federal Tax Lien against Joint Effort, Inc. is attached to the funds at issue in this interpleader suit. Because Wiesener did not become a judgment lien creditor of Joint Effort until November 13, 2002, which was after the notice of Federal Tax Lien was filed in accordance with § 6323, the Federal Tax Lien is valid against and prior to Wiesener's judgment lien. The proceeds of the auction of the personal property of Joint Effort Productions, Inc., having been placed in the Registry of the General Sessions Court, must now be disbursed by Quist to the United States.

The motion for summary judgment by the United States is **GRANTED** and the summary judgment motion of Wiesener is **DENIED**. The Knox County Clerk is **DIRECTED** to release the interpleaded funds to the United States.

**ORDER TO FOLLOW.**