**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 31 RUE MEDITERRA and LAKE LAS VEGAS MASTER TRUST, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES INTERNAL REVENUE SERVICE, <br><br> Defendant-Appellee, <br><br> and <br><br> Z'S, a defaulted Nevada corporation and DOES, 1-10, <br><br> Defendants. | No.   16-15725 <br><br> D.C. Nos. <br> 2:14-cv-00658-GMN-NJK <br> 2:14-cv-00435-GMN-NJK <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before:  FERNANDEZ and McKEOWN, Circuit Judges, and BENITEZ,** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Roger T. Benitez, United States District Judge for the

Judge.

Plaintiffs-Appellants LN Management LLC Series 31 and Lake Las Vegas Master Trust appeal the district court's order granting summary judgment in favor of the Government. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Baccei v. United States*, 632 F.3d 1140, 1144 (9th Cir. 2011). Whether a reasonable inspection would reveal the existence of a federal tax lien is a mixed question of fact and law, which this court reviews de novo. *Kivel v. United States*, 878 F.2d 301, 304 (9th Cir. 1989). We affirm.

1. We reject Plaintiffs-Appellants' argument that the notice of federal tax lien was not properly recorded because it identified the taxpayer as "ZS" rather than "Z's." Section 6323(f) contains two main requirements for recording a notice of federal tax lien against real property: (1) notice must be filed in the proper place, as designated by state law; and (2) notice must be filed such that a "reasonable inspection" would reveal it. 26 U.S.C. § 6323(f)(1), (f)(4).

First, there is no dispute that the notice of federal tax lien was filed in the proper place—the Clark County Recorder's Office. Second, we agree with the Government that several documents in the public record would have put any searcher on notice, before the foreclosure sales, that Z's was sometimes referred to

Southern District of California, sitting by designation.

2                                                                                  16-15725

as "ZS." For example, the lien for delinquent assessments, notice of default and election to sell, and notice of foreclosure sale recorded in 2010 and 2011 regarding 27 Rue Mediterra all identified "ZS, A NEVADA CORPORATION." Similarly, the Notice[s] of Claim of Lien--Homeowner Assessment recorded in 2010 regarding 29, 31, and 33 Rue Mediterra all identified "ZS" as the property owner.

When a variant of a name appears in the chain of title or other relevant documents, the searcher is on notice to inquire further as to that name. *See Kivel*, 878 F.2d at 304. Here, any reasonable searcher would have followed up on the notice provided by the misspellings in the public record by searching "ZS." It is undisputed that a search of "ZS" would have revealed the federal tax lien. Accordingly, the notice of federal tax lien was properly recorded.

2. We also reject Plaintiffs-Appellants' argument that the HOA liens became choate before the federal tax lien. "The priority of [a] federal tax lien . . . as against liens created under state law is governed by the common-law rule—'the first in time is the first in right.'" *United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 87 (1963) (quoting *United States v. New Britain*, 347 U.S. 81, 85-86 (1954)). A state-created lien is deemed to be in existence for "first in time" purposes only when it has been perfected, i.e. become "choate." *New Britain*, 347 U.S. at 86. Federal law determines when a state-created lien has "acquired sufficient substance and has become so perfected as to defeat a later-arising or later-filed federal tax

3                                                                    16-15725

lien." *Pioneer Am. Ins.*, 374 U.S. at 88. To be choate for purposes of federal law, the competing state-created lien must be perfected in the sense that the identity of the lienor, the property subject to the lien, and the amount of the lien are established. *New Britain*, 347 U.S. at 84.

There is no record evidence that the identities of the HOA lienors, properties subject to the liens, and amounts of the liens were established before January 5, 2010, when the notice of federal tax lien was recorded. Plaintiffs-Appellants purport to rely on the recording of the HOA covenants, conditions, and restrictions (CC&Rs) as perfecting the HOA liens, but the CC&Rs were not in the record before the district court, and are not in the record here.

**AFFIRMED.**