## In re GREEN PASTURES CHRISTIAN MINISTRIES, INC., Debtor.

### Green Pastures Christian Ministries, Inc., Plaintiff,

v.

### United States of America, by and through the Internal Revenue Service, Defendant.

Bankruptcy No. 07–80905.
Adversary No. 09–6214.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 25, 2010.

---

Dorna Jenkins Taylor, Taylor & Associates, LLC, Richard C. Litwin, The Litwin Law Firm, P.C., Atlanta, GA, for Plaintiff.

Thomas F. Koelbl, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES E. MASSEY, Bankruptcy Judge.

Section 545(2) of the Bankruptcy Code permits a bankruptcy trustee, including a debtor in possession in a Chapter 11 case, to avoid the fixing of an unperfected or unenforceable federal tax lien. Under section 6323(f)(4) of the Internal Revenue Code, an otherwise properly recorded notice of a federal tax lien against real property in an "adequate system for the public indexing of Federal tax liens" is unenforceable against a purchaser without notice unless "the fact of the filing is entered and recorded in the index in such a manner that a reasonable inspection of the index will reveal the existence of the lien." The federal tax liens at issue here were filed in the proper office having an adequate indexing system in the county in which the taxpayer has its principal place of business, but the name of the taxpayer was misspelled. The question presented is whether a reasonable inspection of the index of federal tax liens in that office would reveal the existence of those liens.

### I.

The following facts are not in dispute. Green Pastures Christian Ministries, Inc. is a religious organization located in Dekalb County, Georgia. For every quarter beginning on January 1, 2003 through December 31, 2005, Green Pastures failed to pay employment taxes owed to the IRS. On November 7, 2006, the IRS filed a notice of federal tax lien with the Clerk of Superior Court of Dekalb County, Georgia with respect to assessments of those taxes for ten of the eleven quarters beginning with the quarter ending on June 30, 2003 and ending with the quarter ending on December 31, 2005. On January 3, 2007, it filed a second notice of federal tax lien for the taxes assessed for the quarters ending on March 31, 2003 and September 30, 2005 that had been omitted from the earlier notice. The name of the taxpayer in both notices is "Green Pastures Christain Ministries, Inc.," misspelling the word "Christian." Both notices correctly show the address of Green Pastures as 5455 Flat Shoals Pkwy, Decatur, GA 30034.

Public records affecting land in Dekalb County, Georgia, including notices of federal tax liens, are filed with the Clerk of the Superior Court and may be accessed by the public in the "Record Room." Affidavit of Jay W. Pakchar attached to Plaintiff's Reply Brief (Doc. No. 22, pp. 12–18) (hereafter "Pakchar Affidavit") and Second Declaration of David Pelligrinelli attached to Defendant's Supplement to Motion for Summary Judgment (Doc. No. 26, Part 3, pp. 1–5) (hereafter "Pelligrinelli Declaration"). Documents filed after 2005, indexes of names are maintained only in a computerized system. Pelligrinelli Declaration, p. 2.

Above the computer terminals are signs that state: "Attention If you don't know how to use these computers, please ask at the front counter." Pelligrinelli Declaration, Doc. No. 26, Part 3, p. 2. Employees in the Record Room are permitted to provide general assistance and information about how to search for records on a computer terminal, including how to avoid missing names that are misspelled. *Id.*, p. 3.

Searches conducted on a computer terminal require the user to enter a name or portion of a name in a search field. *Id.* and Pakchar Affidavit, Doc. No. 22, p. 13. A box labeled "Exact Match" on the search

screen may be checked so as to retrieve only those names that are an exact match of the string of letters entered in the search field; for example, a search of "Green Pastures Christian Ministries" would not show documents with the name "Green Pastures Christian Ministry." Pelligrinelli Declaration, Doc. No. 26, Part 3, p. 3. By leaving the box labeled "Exact Match" unchecked, one may retrieve all records with names beginning with the string of characters entered in the search field; for example, a search of "Green Pastures" would reveal all names in the index beginning with "Green Pastures," including those ending in "Ministries" and "Ministry." *Id.* Such a search would necessarily reveal more records containing the portion of the name than a search of the full name would reveal, assuming of course that there are more records in the database that contain the portion searched than contain the full name.

Search results are displayed in alphabetical order of the names retrieved. Pelligrinelli Declaration, Doc. No. 26, Part 3, pp. 3–5 and Pakchar Affidavit, Doc. No. 22, p. 13–19. The searches conducted by Mr. Pakchar and Mr. Pelligrinelli were not exact match searches as shown by the fact that the search results attached to their respective sworn statements include names that do not exactly match the string of characters each of them searched.

The first two records listed in a result list of a search not limited to an exact match on the words "Green Pastures" are the tax liens filed by the IRS in the name of "Green Pastures Christain Ministries, Inc." Pelligrinelli Declaration, Doc. No. 26, Part 3, pp. 4–5. A search not limited to an exact match of the words "Green Pastures Christian Ministries" would reveal documents indexed in that name and in the name of "Green Pastures Christian Ministries, Inc." but not those with mis-

spellings such as "Green Pastures Christain Ministries," "Green Pastures Christian Ministeries," and "Green Pastures Christian Minisries Inc." Pakchar Affidavit, Doc. No. 22, pp. 13–19; Pelligrinelli Declaration, Doc. No. 26, Part 3, p. 5.

It is noteworthy that the name searched by Mr. Pakchar, whose affidavit Plaintiff filed, was not the full legal name of the Debtor because the characters ", Inc." were omitted. That search was different from the one conducted by Mr. Pelligrinelli, whose declarations were submitted by Defendant, only in that it included a few more characters, but not all of the characters, of the Debtor's full name.

On December 11, 2007, Green Pastures filed a petition commencing this Chapter 11 case and remains the debtor in possession. As of the petition date, it owned real property and personal property located in Dekalb County to which the liens of the IRS attached at least as between those parties.

On April 10, 2009, Green Pastures commenced this adversary proceeding against the United States of America, by and through the Internal Revenue Service, (hereinafter "IRS" or "Defendant") seeking to avoid the fixing of the two liens on its properties under sections 544 and 545(2) of the Bankruptcy Code. As a debtor in possession, it has the powers of a trustee other than to investigate itself. 11 U.S.C. § 1107(a). Plaintiff contends that the tax liens in question were incorrectly filed under 26 U.S.C. § 6323(f), because by misspelling the word "Christian," they fail to identify the taxpayer, as required by 26 C.F.R. 301.6323(f)–1(d)(2). Defendant acknowledges the spelling error but disputes the conclusion of law urged by Plaintiff.

In February 2010, Defendant moved for summary judgment. Its motion is supported by two declarations of Mr. Pelligrinelli. Defendant filed responses, including

one supported by the affidavit of Mr. Pakchar.

## II.

Pursuant to Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056, a party moving for summary judgment is entitled to prevail if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material for the purposes of summary judgment only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

The moving party bears the initial burden to establish that no genuine factual issue exists or. alternatively, that the non-moving party cannot prove its case at trial. *Celotex*, 477 U.S. at 323–326, 106 S.Ct. 2548; *Exigent Technology, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307–1309 (Fed.Cir.2006). The movant must point to the pleadings, discovery responses or supporting affidavits that tend to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The court must construe this evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. 2505; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir. 1987). "If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir.2003)." *Allen v.*

*Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir.2007).

"If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried." *Shell v. Schwartz*, 357 Fed.Appx. 250, 251 (11th Cir.2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548).

■ The Bankruptcy Code does not allocate the burden of proof in a proceeding brought by the trustee to avoid the fixing of a statutory lien.

The touchstone for determining the burden of proof under a statutory cause of action is the statute itself. *Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 534, 163 L.Ed.2d 387 (2005). When a statute is silent as to who bears the burden of proof, we resort to "the ordinary default rule that plaintiffs bear the risk of failing to prove their claims." *Id. Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107, 1110 (11th Cir.2008). Hence, Plaintiff has the burden of proof on the issue of whether the statutory liens claimed by Defendant are unenforceable and therefore avoidable. *Cf. Nazar v. Western State Bank (In re Brouillette)*, 389 B.R. 214, 218 (Bankr.D.Kan.2008) ("As the party seeking to avoid the Bank's lien [under 11 U.S.C. § 544], the Trustee has the burden of proof").

## III.

Section 6321 of the Internal Revenue Code, 26 U.S.C. § 6321, creates a lien on all property and rights to property, whether real or personal, of a person liable for any tax, including interest and penalties, that "neglects or refuses to pay same after demand." Thus, Defendant's liens are

statutory liens. Under section 6322, this lien arises "at the time the assessment is made."

Section 545(2) of the Bankruptcy Code provides:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—...

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986, or in any other similar provision of State or local law[.]

■ Section 6323(a) of the Internal Revenue Code provides:

(a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

26 U.S.C. § 6323(a). Section 6323(h)(6) defines the term "purchaser" as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." For purposes of section 6323 and the rights of a trustee under section 545(2), "the validity of the [federal] tax lien in bankruptcy [depends] on the constructive notice that the lien would give a purchaser. It reasonably follows that when there is a mistake in the indexing of a tax lien ... the validity of the lien in bankruptcy depends on whether it would nevertheless give a purchaser constructive notice." *Hudgins v. IRS (In re Hudgins)*, 967 F.2d 973, 976 (4th Cir.1992).

■ The validity and priority of a federal tax lien are questions of federal law. *United States v. City of New Britain, Conn.*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *Griswold v. U.S.*, 59 F.3d 1571, 1575 (11th Cir.1995). For that reason, section 544 provides no ground or basis for avoiding a federal tax lien that is not provided under section 545(2). Indeed, it could be argued that "§ 545 is the exclusive avoidance provision for statutory liens...." *In re Sullivan*, 254 B.R. 661, 667 (Bankr.D.N.J.2000).

Section 6323(f) of the Internal Revenue Code describes the conditions that must be met in order for a federal tax lien to be enforceable against third parties. Under subsection (f)(1), the place for filing a notice under subsection (a) is determined by state law. In Georgia, the place for filing notices of liens of federal taxes is, with respect to real property, the county in which the property is located, and with respect to personal property, the county in which the principal executive office of the taxpayer is located. Ga.Code Ann., § 44–14–571.

■ 26 U.S.C. § 6323(f)(4) provides:

(4) Indexing required with respect to certain real property.—In the case of real property, if—

(A) under the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed, and

(B) there is maintained (at the applicable office under paragraph (1)) an adequate system for the public indexing of Federal tax liens, then the notice of lien referred to in subsection (a) shall not be treated as meeting the filing requirements under paragraph (1) unless the fact of filing is entered and recorded in the index referred to in subparagraph (B) in such a manner that a reasonable inspection of the index will reveal the existence of the lien.

In other words, "if a state indexes federal tax lien notices, and determines priorities based on its indexing system, the IRS must use that system to give constructive notice of its lien." *Brightwell v. U.S.*, 805 F.Supp. 1464, 1470 (S.D.Ind.1992). In Ga. Code. Ann. §§ 44–2–1–44–2–4, the State of Georgia has codified a record system that satisfies the conditions set forth in § 6323(f)(4)(A). Ga.Code Ann. § 44–14–573 satisfies the conditions set forth in § 6323(f)(4)(B).

The form and content of the notice are determined solely by the Secretary of the Treasury and promulgated through Federal regulations. 26 U.S.C. § 6323(f)(3). The applicable regulation, 26 C.F.R. § 301.6323(f)–1(d)(2), provides that the notice "must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien."

## IV.

■ Plaintiff contends that the notices did not comply with § 6323(f)(3) because they did not "identify the taxpayer," as required by 26 C.F.R. § 301.6323(f)–1(d)(2), because its name is not "Green Pastures Christain Ministries." This argument is without merit.

In *United States v. Crestmark Bank (In re Spearing Tool and Manufacturing Co.),* 412 F.3d 653, 654 (6th Cir.2005), the notice of federal tax lien identified the debtor as "Spearing Tool & Mfg. Company Inc." In contrast, the debtor's legal name did not contain an ampersand or an abbreviation for 'manufacturing' but did use the common abbreviation 'Co.' for company. The court held that "[a]n IRS tax lien need not perfectly identify the taxpayer." *Id.* at 656. Citing numerous precedents, the court stated that "[a] requirement that tax liens identify a taxpayer with absolute precision would be unduly burdensome to the government's tax-collection efforts." *Id.* "Further, to subject the federal government to different identification requirements—varying with each state's electronic-search technology—would run counter to the principle of uniformity which has long been the accepted practice in the field of federal taxation." *Id.* at 657 (Cits. Omitted). Similarly, in *Whiting–Turner/A.L. Johnson v. P.D.H. Development, Inc.,* 184 F.Supp.2d 1368 (M.D.Ga.2000), the notice of federal tax lien identified the taxpayer as "PD Hill Development Inc, a corporation DBA Phoenix Pipe & Dirt," whereas it was undisputed that the debtor was incorporated under the name of "P.D.H. Development, Inc." In *Brightwell v. U.S.,* 805 F.Supp. 1464 (S.D.Ind.1992), the notice listed the taxpayer's name as "William S. Van Horn," rather than "William B. VanHorn." The court stated that "[t]he mere fact that a full name is not given or that there is an addition, omission or substitution of letters in a name, or even errors, does not, in and of itself, invalidate the notice." *Id.* at 1471, quoting *United States v. Sirico,* 247 F.Supp. 421, 422 (S.D.N.Y.1965) (quotation marks omitted).

Other cases in which courts have held that minor variances in a taxpayer's name do not alone render a federal tax lien invalid include the following: *Hudgins v.*

*IRS (In re Hudgins),* 967 F.2d 973, 976 (4th Cir.1992) ("Hudgins Masonry, Inc." rather than taxpayer's personal name, "Michael Steven Hudgins"); *Kivel v. United States,* 878 F.2d 301, 305 (9th Cir.1989) ("Bobbie Morgan" rather than "Bobbie Morgan Lane"); *United States v. Polk,* 822 F.2d 871 (9th Cir.1987) ("Roy Bruce Polk" rather than "Bruce Polk"); *Tony Thornton Auction Serv., Inc. v. United States,* 791 F.2d 635, 639 (8th Cir.1986) ("Davis's Restaurant" and "Daviss (sic) Restaurant" rather than "Davis Family Restaurant"); *Richter's Loan Co. v. United States,* 235 F.2d 753 (5th Cir.1956) ("Freidlander" rather than "Friedlander"); *Quist v. Wiesener,* 327 F.Supp.2d 890, 892 (E.D.Tenn.2004) ("Joint Effort" rather than "Joint Effort Productions, Inc."); *Du–Mar Marine Serv., Inc. v. State Bank & Trust Co.,* 697 F.Supp. 929 (E.D.La. 1988) ("Lamant Marie Service Number 2, Inc." rather than "LaMart Marine Service No. 2, Inc.").

In summary, "[t]he test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim." *U.S. v. Sirico,* 247 F.Supp. 421, 422 (S.D.N.Y. 1965) (footnote omitted). Although the notices substantially complied with the section 6323(a) and 26 C.F.R. § 301.6323(f)–1(d)(2), that compliance does not answer the question of whether a "reasonable inspection" of the index in which the notices were listed would have revealed their existence within the meaning of section 6323(f)(4).

## V.

■ The issue of what constitutes a "reasonable inspection" within the meaning of 26 U.S.C. § 6323(f) is a mixed question of law and fact. *Kivel v. U.S.,* 878 F.2d 301, 303–304 (9th Cir.1989). A mixed question of law and fact involves "the application of a legal standard to a particular set of facts." *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 450, 96 S.Ct. 2126, 2132–2133, 48 L.Ed.2d 757 (1976).

■ Evidence relevant to whether a notice of tax lien has been "entered and recorded in the index ... in such a manner that a reasonable inspection" would reveal its existence might include, in addition to the notice of tax lien itself showing any misspelling of the taxpayer's name, such matters as the type of index (paper or electronic) maintained, the availability of assistance from an employee familiar with the index and how it may be searched if computerized, the capabilities and limitations of the search program, such as whether a search on a string of characters would return a record with those characters anywhere in a name, only from the beginning of a name or only an exact match of the string of characters searched, etc.

■ The question of law under section 6323(f)(4) is whether a person inspecting the index could reasonably be expected to have discovered the lien using the resources available under relevant conditions pertaining to the search. In a case brought under section 545(2), the trustee is the person making the claim that the lien is unenforceable, but the perspective of the searcher is that of a hypothetical purchaser for value of property of the debtor.

■ Defendant contends that the undisputed facts show that a reasonable inspection of the lien index in Dekalb County would reveal the two notices of tax lien, notwithstanding the misspelling of the word "Christian." It bases this argument in part on the fact that a search of the index using the string "Green Pastures" would yield a list of lien documents con-

cerning Green Pastures Christian Ministries, Inc., the first two of which would be the notices it filed.

Plaintiff contends that the search conducted by Mr. Pelligrinelli is flawed because he is an expert and because "the standard for what is a 'reasonable' title search must be viewed from the perspective of a nonprofessional searcher," citing *Road & Highway Builders, LLC v. Crystal Cascades Civil, LLC (In re Crystal Cascades Civil, LLC)*, 398 B.R. 23, 34–35 (Bankr.D.Nev.2008). It argues in effect that Mr. Pakchar's search of "Green Pastures Christian Ministries," which did not reveal the two notices of tax liens, is the only reasonable search a non-professional could make.

Plaintiff faults Mr. Pelligrinelli's First Declaration because it fails to show that he actually went to Dekalb County to conduct a search. The Court agrees Plaintiff on this point. Mr. Pelligrinelli's Second Declaration cures this defect, however, because the facts he reports are based on his experience in searching the lien records in Dekalb County. His statements of fact are not based on his expert opinion but rather are a report of what he heard and saw, which any non-expert could have reported. Plaintiff has not controverted the facts set forth in Mr. Pelligrinelli's Second Declaration.

Plaintiff seems to suggest that the only reasonable inspection of the public records in Dekalb County is one in which its full name is entered in the search field. In that connection it relies entirely on the decisions in *In re Crystal Cascades Civil, LLC*, 398 B.R. 23 (Bankr.D.NV.2008), *aff'd United States v, Buenting (In re Crystal Cascades Civil, LLC)*, 415 B.R. 403 (9th Cir.BAP 2009), without explaining why a search would be so limited. Those decisions are inapposite to the facts here.

In *Crystal Cascades*, the IRS had filed two notices of federal tax liens in Clark County, Nevada in the name of "Crystal Cascades, LLC, a corporation." Well prior to the filing of those liens, that company had changed its name to "Crystal Cascades Civil, LLC, a Nevada limited liability company." Operating under its new name, the debtor purchased land in Clark County and filed federal tax returns in its new name, including the employment tax returns that led to the issuance of the tax liens in question. Shortly after the second tax lien was filed, the debtor borrowed money secured by deeds of trust against the land it purchased under its new name. Thereafter, Crystal Cascades Civil, LLC filed bankruptcy. The land was sold, and the proceeds were insufficient to pay both the tax liens and the secured loans. The lender sued the IRS to determine the priority of the competing interests in the proceeds, contending that the names used by the IRS in the notices of tax liens failed to sufficiently identify the taxpayer.

Both parties called expert witnesses each of whom opined that only an expert could have discovered the tax liens. The expert called by the plaintiff further testified concerning what a "reasonable" nonprofessional searcher would do and opined that such a person would only search the full name of the debtor. 398 B.R. at 33. The expert called by the IRS gave similar testimony, which that court found, not surprisingly, surprising. 398 B.R. at 34. The trial court stated that it "finds that the standard for what is a reasonable search must be viewed from the perspective of a nonprofessional searcher," a finding based in part on how searches may be conducted in Clark County, Nevada. 398 B.R. at 35. It further found, based on the testimony of the experts, that a nonprofessional searcher would have performed a search using the name in the deed vesting title to the land in the debtor, rather than using a

portion of the debtor's name, and would thus not have discovered the tax liens. *Id.* The trial court further found that discovering the notice would have required not only a search of real property records but a search of the records of the Nevada Secretary of State as well. 398 B.R. at 36. The trial court recognized that how a search can be conducted in a particular locale may be different from how a search might be conducted in a different locale. 398 B.R. at 30. Finally, the trial court pointed out that error in the taxpayer's name was not "a minor misspelling in the taxpayer debtor's name." *Id.* at 36.

Contending that the trial court erred in several respects, the IRS appealed the trial court's decision. The Bankruptcy Appellate Panel for the Ninth Circuit affirmed. *In re Crystal Cascades Civil, LLC,* 415 B.R. 403 (9th Cir. BAP 2009). This Court does not read the BAP's decision as holding anything more than what the trial court held, which is limited to "what constitutes a reasonable search in Clark County, Nevada." *Id.* at 411.

In the present proceeding, the error in the spelling of the debtor's name in the notices is minor. The Debtor has not changed its name, and identification of the Debtor with respect to minor variations in the spelling of its name in real estate records in Dekalb County does not require searching public records in the office of the Secretary of State. The parties presented no expert testimony concerning what a hypothetical searcher would or would not do, the admissibility of which would be questionable under Rule 702 of Federal Rules of Evidence in any event. Debtor does not contend that only an expert title examiner could find the tax liens at issue. In the *Crystal Cascades* decisions, there is no indication that users of public computers to search the federal tax lien index in Clark County, Nevada have access to a person who can explain how to use those computers and that the availability of help is posted in a notice above the computers. Thus, the *Crystal Cascades* case on which Plaintiff relies is easily distinguishable.

It is notable that despite Plaintiff's insistence that a "full name" search is the mark of a reasonable inspection, Mr. Pakchar did not search the full name of the Debtor because he omitted from his search the characters "Inc." So Plaintiff's assumption that a reasonable inspection would not entail searching a portion of a taxpayer's full name is contradicted by its own evidence. Mr. Pakchar would have obtained his same results if he had limited his search to "Green Pastures Christi." Mr. Pelligrinelli would have obtained his same results if he had lengthened his search to "Green Pastures Christ." Thus, Plaintiff's argument at its core is that the addition of the single character "i" at the end of a search string of 21 characters (including spaces) distinguishes the reasonable inspection from one that does not pass muster, a proposition that at bottom is unprincipled and totally arbitrary.

Plaintiff further argues that Defendant failed to show that every nonprofessional searcher would think to ask a Record Room employee about how to conduct a search and argues that Defendant made no showing that a Record Room employee would provide the same information to a nonprofessional searcher that the person with whom he spoke told him. But Defendant does not have to prove what every person who might search a lien index in Dekalb County would or would not do or would or would not be told. All it had to do was show undisputed facts from which the Court can conclude that as a matter of law a reasonable inspection of the index would reveal the liens. As the non-moving party with the burden of proof, Plaintiff

had to do more than merely suggest that other facts might exist that would contradict or cast doubt on the facts stated by Mr. Pelligrinelli in his Second Declaration.

■ The wording of section 6323(f)(4) and the holdings of the vast majority of cases interpreting that section do not support a bright line rule that the only "reasonable inspection" is one that mechanically compares the full name of the taxpayer accurately spelled with the full names listed in the index. Rather, a search must be made diligently. *United States v. Crestmark Bank (In re Spearing Tool and Manufacturing Co.)*, 412 F.3d 653, 656 (6th Cir.2005); *Tony Thornton Auction Serv., Inc. v. United States*, 791 F.2d 635, 639 (8th Cir.1986); *In re Crystal Cascades Civil, LLC*, 398 B.R. 23, 31 (Bankr.D.Nev. 2008) (court heard testimony on "what constitutes a reasonable and diligent search"). The measure of diligence must be considered in the context of a purchase of property by a hypothetical purchaser for value, whether viewed through the lens of section 545(2) of the Bankruptcy Code or that of section 6323(h)(6) of the Internal Revenue Code, not by an ordinary prudent person with no financial interest potentially at risk.

■ To perform an inspection of the federal tax lien index in the Dekalb County Record Room, a searcher must use the search software on one of the computers provided. It is reasonable to presume that a person purchasing real property would know the importance of making a diligent search, would know his or her level of expertise and would be intelligent enough to ask questions about unfamiliar aspects of the search software. Nothing in the meaning of the word "reasonable" requires a court to assume that a searcher is incapable of asking, or unlikely to ask, for help in using unfamiliar software. Reasonable diligence in searching a computer database necessarily requires the person performing the search to understand how the search software works. *Cf. White v. Potocska*, 589 F.Supp.2d 631, 646–647 (E.D.Va.2008) (A "prudent buyer [needing information in computer database but unfamiliar with a computer application] would realize he is not going to be able to do a full investigation" without help, and unfamiliarity with the application did not excuse the failure to perform a diligent search).

Understanding how the tax lien index in Dekalb County may be searched and what to do to make a thorough search requires no special talent or expertise. The concepts that a search may be conducted with or without an exact match of the characters typed in the search field and that the choice made may produce very different results are not difficult for the average person to understand. The concept that a search using fewer characters than the total number in a full name might produce more relevant documents, possibly including ones in which there is a minor misspelling, than a search on the full name is also not overly technical or difficult for a non-expert to understand. The logic is the same as that used to search a paper index and has the same purpose, which is to examine the names alphabetically so as not to miss an entry respecting the entity whose name is being searched, including any entry in which the name, though not perfectly spelled, identifies the target entity. Information needed to conduct a diligent inspection of the tax lien index is available for free at the front counter in the Dekalb County Record Room, and the availability of such assistance is posted above computers in the Record Room. An inspection of the tax lien index in Dekalb County using only the name "Green Pastures Christian Ministries" with or without "Inc." may of course be made, but under the circumstances here, such an inspection

would not be a reasonable one for purposes of section 6323(f)(4).

Based on the undisputed facts set out in Part II of this decision and this analysis, the Court holds that a "reasonable inspection of the index" of federal tax liens in Dekalb County, Georgia as of the commencement of this case would reveal the notices of tax liens at issue. Those liens were therefore perfected and enforceable as of the commencement date of this case against a hypothetical bona fide purchaser of property of the Debtor that purchased such property on that date. Hence, Plaintiff in its capacity as debtor in possession may not avoid those tax liens under 11 U.S.C. §§ 544 or 545(2).

Accordingly, Defendant's motion for summary judgment is GRANTED.

**IT IS ORDERED.**